Date signed March 15, 2016



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | | | |
|---|---|---|---|---|
| In Re: | | * | | |
| Shereen Jaouni | | * | Case No. | 15-19044DK |
| | | * | Chapter | 7 |
| | | * | | |
| | Debtor(s) | * | | |
| ****************************************** | | * | | |
| Said S. Salah | | * | | |
| | | * | | |
| | | * | | |
| | Plaintiff(s) | * | | |
| vs. | | * | Adv. Proc. | 15-00520DK |
| Shereen Jaouni | | * | | |
| | | * | | |
| | | * | | |
| | Defendant(s) | * | | |

### MEMORANDUM OF DECISION

    This matter came before the court on the Motion for Summary Judgment and Request for Hearing (the "Motion") filed by the Plaintiff, Said S. Salah, and the Opposition thereto filed by the Defendant, Shereen Jaouni. After a review of the pleadings and exhibits, the court finds that a hearing is not necessary to the decision upon the Motion and would not aid in the resolution of the matter.

    The Plaintiff initiated this adversary proceeding on October 20, 2015, by filing a Complaint entitled "Objection to Discharge of Debt Owed to Said S. Salah" under 11 U.S.C. §523(a)(6) as to

judgment debt. The Defendant filed an Answer on November 16, 2015. A Scheduling Order was entered on January 19, 2016, that, among other things, provided a deadline of June 30, 2016, for the filing of dispositive motions, and setting trial for October 31, 2016.

The Plaintiff moves for summary judgment under Federal Rule of Civil Procedure 56, made applicable to bankruptcy matters by Federal Rule of Bankruptcy Procedure 7056, relying on various documents from a District Court of Maryland for Montgomery County tort action (Case No. 340065V), Requests for Admission propounded in the subject adversary proceeding and an Affidavit of Said S. Salah in Support of Motion for Summary Judgment. By her Opposition, the Defendant does not present countervailing evidence but instead argues, in general, that the documents attached to the motion do not constitute evidence that may be considered in deciding the Motion. Specifically, the Defendant asserts that the state court documents relied upon by the Plaintiff are not self-authenticating and that the Affidavit is not adequate to support summary judgment. The court agrees with the Defendant.

Summary judgment under Rule 56 is appropriate only where there are no genuine disputes of material fact and when the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883-84 (1990); *Sylvia Dev. Corp. v. Calvert County, Maryland*, 48 F.3d 810, 817 (4th Cir.1995). The moving party bears the burden of proving that no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986), and all facts and reasonable inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In the subject proceeding, the Plaintiff is the moving party and this court must view all facts and reasonable inferences in the light most favorable to the Defendant.

"As a threshold matter, the moving party's initial burden is to demonstrate that there are no disputed issues of material fact." *In re Polichuk*, 506 B.R. 405, 421 (Bankr. E.D. Pa. 2014) (*citing, e.g., U.S. v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011); *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987)). "How the movant meets this burden and how the respondent may rebut the movant's showing is affected by the allocation of the evidentiary burden of persuasion if the dispute were to proceed to trial." *Id*.

In an action seeking a determination of the dischargeability of debt under 11 U.S.C. §523, a plaintiff has the burden of proof and must prove non-dischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991); *Combs v. Richardson*, 838 F.2d 112 (4th Cir. 1988).

> If the moving party bears the burden of proof, the movant must "support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial." *Fitzpatrick*, 2 F.3d at 1115 (citation omitted). The evidence must establish "all the essential elements of its case on which it bears the burden of proof at trial, [such that] no reasonable jury could find for the non-moving party." *Id.* (citation omitted); *see also Bath*, 442 B.R. at 387.

*In re Polichuk*, 506 B.R. at 421. "[W]here the movant fails to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, even if no opposing evidentiary matter is presented, for the non-movant is not required to rebut an insufficient showing." *Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc.*, 673 F.3d 294, 299-300 (4th Cir. 2012) (*quoting Giannullo v. City of New York*, 322 F.3d 139, 140–41 (2d Cir. 2003)).

Here, the Plaintiff failed to fulfill his initial burden of providing admissible evidence of the material facts entitling him to summary judgment. First, the documents attached to the Motion and the Complaint are not authenticated or self-authenticating and, accordingly, are not admissible at trial. *See* Fed. R. Evid. 901 and 902. "[E]vidence must be admissible at trial in order to be considered on summary judgment[]" and "[i]n order to be admissible ..., a document must be authenticated." *Goguen ex rel. Estate of Goguen v. Textron, Inc.*, 234 F.R.D. 13, 16-17 (D. Mass. 2006)(*citing Garside v. Osco Drug, Inc.*, 895 F.2d 46, 49-51 (1st Cir. 1990); *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2722 at 382 (3d ed. 1998)). Second, the Plaintiff's Affidavit is insufficient in support of summary judgment as the Plaintiff affirms the facts are "[t]o my knowledge, information, and belief ...." Rule 56(e) provides: "Supporting and opposing affidavits shall be made on personal knowledge."

> Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, "upon information and belief"—instead of only knowledge—from raising genuine issues of fact sufficient to defeat summary judgment. *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 851 (11th Cir. 2000) ("upon information and belief" insufficient); *Fowler v. Southern Bell Tel. and Tel. Co.*, 343 F.2d 150, 154 (5th Cir. 1965)

    ("knowledge, information and belief" insufficient); *Robbins v. Gould*, 278 F.2d 116, 118 (5th Cir. 1960) ("knowledge and belief" insufficient).

*Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002).   "Likewise, an affidavit stating only that the affiant 'believes' a certain fact exists is insufficient to defeat summary judgment by creating a genuine issue of fact about the existence of that certain fact."  *Id*. at 1278-79 (*citing Jameson v. Jameson*, 176 F.2d 58, 60 (D.C. Cir. 1949) ("Belief, no matter how sincere, is not equivalent to knowledge."); *see also Tavery v. United States*, 32 F.3d 1423, 1426 n. 4 (10th Cir. 1994); *Hansen v. Prentice–Hall, Inc.*, 788 F.2d 892, 894 (2d Cir. 1986)).

    For these reasons, the Plaintiff's Motion for Summary Judgment and Request for Hearing will be denied without prejudice.

cc:    Plaintiff
        Plaintiff's counsel
        Defendant
        Defendant's counsel

**End of Memorandum of Decision**